**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2016 JUL 28 AM 11:50

JEFFREY P. COLWELL
CLERK

BY_____ DEP. CLK

UNITED STATES OF AMERICA,
v. Crim. Case No. 6:01CR0041-001-RBJ
George W. Williams,
Movant.

## MOTION TO TERMINATE SUPERVISED RELEASE AFTER COMPLETION OF ONE-YEAR OF SUPERVISION PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)

NOW COMES, George W. Williams, appearing Pro Se, Propria Persona, Sui Juris, and files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).

### INTRODUCTION

The district court enjoys "broad discretion" when, after "taking into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." [I]Id.

Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." Jeanes at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.

As the Supreme Court has noted: [§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it,

1

the court may "terminate a term of supervised release and discharge the person released," once at least a year of release time has been served. Johnson v. United States, 529 U.S. 694, 120 S.Ct. 370, 146 L.Ed.2d 727, 738 (2000)

## DISCUSSION

Movant Williams respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."

### I.

Williams has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's express terms of supervision, including timely, consistent, and increasing payments of restitution, abstaining from drug use (as evidenced by his continued "clean" drug monitoring), fully obeying the law, and diligently complying with all requirements of the Probation Department. Williams has tried to live a productive and stable lifestyle by holding steady employment while supporting himself. In addition, Williams continues to further his socio-economic position in working society to continue and increase his restitution payment. He has earned the trust of his employer as evidenced by his unsupervised responsibilities and increases in pay. He has been married creating a stable home environment. He has been volunteering a minimum of 10 hours a month in Christian ministry and bible teaching, his duties including service to youth and the elderly in the community.

### II.

When evaluating his offense conduct, criminal history, and potential for further crimes, Williams believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

Williams meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with

all condition supervision;

3. No aggravated role in the offense of conviction;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

10. All court imposed financial obligations have been paid in a timely manner and in full to date.

## **CONCLUSION**

WHEREFORE, premises considered, Williams asks this court to terminate his supervised release term early for the aforementioned reasons.

DATED: 7/28/16

Respectfully Submitted,
All Rights Reserved

/s/By: _____
George W. Williams,
Pro Se, Propria Persona, Sui Juris
6531 S. Race Street W.
Centennial, Colorado, (near 80121) USA

**CERTIFICATE OF SERVICE**

I, George W. Williams, hereby certify that a true and correct copy of the foregoing Motion to Terminate Supervised Release was served, via U.S. Mail, to the following parties on this 28th day of July, 2016.

1. United States District Court
District of Colorado
Jeffrey Colwell, United States Courthouse Room A901
901 19th Street
Denver Co. (near 80294-3589)


2. US Attorney's Office District of Colorado
1225 Seventeenth Street
Suite 700
Denver Colorado (near 80202)

3. United States Probation Office District of Colorado
Attn: Ashlie Diener, Probation Officer
Byron G. Rodgers Courthouse
1929 Stout St.
Denver Co. (near 80294)

All Rights Reserved
/s/By: _____
George W. Williams
07/28/16
6531 S. Race Street W.
Centennial Co. (near 80121)
Non-Domestic, Non-Assumpsit
Non-Resident
720.822.3831