# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### PROBATION OFFICE



**LAVETRA A. CASTLES**
**Chief U.S. Probation Officer**

Byron G. Rogers U.S. Courthouse
1929 Stout Street, Suite C-120
Denver, CO 80294-0101
Phone: (303) 844-5424

212 North Wahsatch Avenue, Suite 300
Colorado Springs, CO 80903-3476
Phone: (719) 471-3387

December 6, 2016

**ELIZABETH MILLER**
**Deputy Chief U.S. Probation Officer**

400 Rood Avenue, Room 309
Grand Junction, CO 81501-2520
Phone: (970) 245-5396

103 Sheppard Drive, Suite 206
Durango, CO 81303-3439
Phone: (970) 385-9564

RESPOND TO:   Denver

RE:   Defendant:  George W. **WILLIAMS**
        Docket No.: 1:15CR00016-1
        **PROBATION RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISION [Document 4]**

This correspondence follows the Court's directive that the Probation Office needs to respond to the defendant's motion for early termination of supervised release before the court will consider his motion.

On December 14, 2005, the defendant was sentenced in the Western District of Louisiana by the Honorable Chief Judge Richard T. Haik (WD/LA 6:01-cr-60041-RTH-MEM-001) to 172 months imprisonment on Count 29, 60 months for Counts 1 through 28, 172 months per Counts 30 through 47, and 120 months per Counts 53 through 55. All counts to run concurrently for a total of 172 months, for the following violations of 18 U.S.C. §§ 371- Conspiracy, 18 U.S.C. § 1341- Mail Fraud, 18 U.S.C. § 1443 & 2- Wire Fraud, 18 U.S.C. §§ 1956(h)- Money Laundering Conspiracy, 18 U.S.C. §§ 1956(a) and (a)(1)- Money Laundering. Additionally, the defendant was sentenced to a three (3) year term of supervised release, assessed a $5,000 special assessment fee, and $2,995,645.20 in restitution. On January 20, 2015, jurisdiction of the defendant's case was transferred to the District of Colorado.

The defendant has been on supervised release since July 25, 2014, approximately two and a half years, which makes him statutorily eligible for early termination, pursuant to 18 U.S.C. § 3583(e)(1).  However, in evaluating suitability for early termination under this statute, the Probation Office is mandated to consider the following criteria that have been approved by the Judicial Conference Committee on Criminal Law.  The defendant shall meet ALL of the following:

- stable community reintegration (e.g., residence, family, employment);
- progressive strides toward supervision objectives and in compliance with all conditions of probation;
- no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
- no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
- no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
- no recent evidence of alcohol or drug abuse;
- no recent psychiatric episodes;
- no identifiable risk to the safety of any identifiable victim; and
- no identifiable risk to public safety based on the Risk Prediction Index (RPI) score of zero (0) or one (1).

According to the above-noted criteria, the defendant must not have an aggravating role in the instant offense, particularly a large Fraud offense. The defendant did have a lead and aggravating role in the current offense resulting in hundreds of victims. He currently owes $2,264,712.95 toward his restitution balance.

Additionally, it was recently discovered that the used car company the defendant worked for, was registered through the Secretary of State to a Federal felon who discharged supervision in May of 2015. Further investigation revealed that the defendant and this individual were incarcerated during the same time frame at the Federal Prison Camp in Englewood. According to the prison case manager, their jobs were similar and in locations that would make it nearly impossible for them not to know each other. The nature of their crimes and their association in and out of prison raises serious concerns as to their conduct in the community. Due to this violation, the defendant was directed to terminate his job and seek acceptable employment, which he is in the process of doing.

Due to the before mentioned reasons, the Probation Department opposes the Motion for Early Termination on the grounds that the defendant had an aggravating role in his current offense, owes over 2 million dollars in restitution, and recently violated his supervision by associating with a felon without permission.

Respectfully Submitted,

*s/Ashlie C. Diener*
Ashlie C. Diener
United States Probation Officer

Approved:

*s/Edgar T. Ruiz*
Edgar T. Ruiz
Supervising United States Probation Officer